CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 11 2012

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM W. THOMAS, JR., | ) | |
| | ) | Civil Action No. 7:11-cv-00588 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Glen E. Conrad |
| OMICRON DEVELOPMENT CORPORATION | ) | Chief United States District Judge |
| and MICHEAEL BASTO, | ) | |
| | ) | |
| Defendants. | ) | |

I.  **Procedural Background**

William W. Thomas ("Thomas" or the "plaintiff"), a plaintiff proceeding pro se, filed a complaint in the United States District Court for the Western District of Virginia on December 14, 2011. (Docket No. 1.) The complaint names Omicron Development Corp ("Omicron") and its President Michael Basto ("Basto") as defendants. Thomas alleges a wide variety of potential claims, including "Larceny After Trust and/or Fraud," "discrimination," and "home invasions and physical threats." (Docket No. 1 ¶ 6.) Liberally construed, the complaint also alleges conversion of at least $1 million and of documents related to a previous court case in which Thomas was a plaintiff.[1] Service was effected, and the defendants filed a joint motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) on April 17, 2012. (Docket No. 6.) As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Clerk of the Court notified Thomas that he would have twenty-one days in which to file additional evidence or

---

[1] The previous case is Thomas v. City of Staunton, No. 7:10-cv-00553, 2011 WL 4007854 (W.D. Va. Sept. 08 2011). It is not clear from the complaint what documents Thomas seeks or how they are related to his other claims.

1

arguments he wished the court to consider or he risked having his complaint dismissed for failure to prosecute. (Docket No. 8.)

On May 5, 2012, Thomas filed a motion for default judgment, claiming he had never received the defendants' motion to dismiss. (Docket No. 15.) On June 13, 2012, having received no other response from Thomas, the court ordered Thomas to show cause why his complaint should not be dismissed pursuant to the defendants' motion. (Docket No. 18.) Thomas responded to the show cause order with two filings. The first, filed on June 27, 2012, again claimed he had never received the defendants' motion to dismiss, as well as an allegation that the clerk's office was engaged in a "conspired contrivance" to favor the defendants. (Docket No. 19.) The second, filed the next day, requested an additional thirty days in which to provide the court with supplemental information. (Docket No. 20.) Nothing more has since been filed in the case.

Having given the plaintiff his requested time, and then some, to show cause or respond to the defendants' motion to dismiss, and the plaintiff having failed to do so, the court now considers the matter ripe for adjudication. For the reasons given below, the court will grant the defendants' motion to dismiss.

## II. Discussion

The defendants first seek dismissal of Thomas's claims for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). Federal Rule of Civil Procedure 8(a) requires that a pleading must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. Pro. 8(a). When jurisdiction is based on the diversity of the parties under 28 U.S.C. § 1332, the citizenship of all defendants must be diverse from that of the plaintiff. Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267 (1806). For diversity purposes, the

citizenship of a corporation is deemed to be that of every state in which it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). When a defendant contends under a 12(b)(1) motion that the plaintiff has failed to allege facts upon which subject matter jurisdiction can be based, the court will assume that the facts alleged in the complaint are true. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Paragraphs two through four of the complaint allege the following:

2. The Court has jurisdiction. Diversity and Financial Requirements are met.

3. Plaintiff is a resident of Western District of Virginia.

4. Defendant is a Virginia Corporation, domesticated in Tennessee. Michael Basto is a Virginia resident.

(Docket No. 1 at ¶¶ 2-4.) The complaint says nothing more about the location or citizenship of the parties.

Accepting as true the information provided in the complaint, Thomas has failed to properly plead diversity jurisdiction. First, it is the citizenship of the parties that is determinative for diversity purposes, not their residences. See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir 1998) ("[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile."). Second, Thomas has alleged that Basto is a resident of Virginia, the same state where Thomas resides. Likewise, Thomas alleges that Omicron "is a Virginia corporation," again, the same state where the plaintiff claims residence. Saying nothing more, the complaint alleges insufficient information to determine the citizenship of any of the parties; and taking Thomas's claims that Omicron is a Virginia corporation and Basto is a resident of Virginia to also imply their citizenship as that of Virginia would render diversity destroyed. In any case, with respect to diversity jurisdiction, the

3

complaint fails to satisfy Rule 8's requirement to make a "plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. Pro. 8(a).

To the extent that Thomas argues for federal question jurisdiction under 28 U.S.C. § 1331,[2] his complaint is also deficient. "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" Vaden v. Discover Bank, 556, U.S. 49, 60 (2009) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). The plaintiff thus bears the burden of alleging facts sufficient to establish the existence of a right to relief that "necessarily depends on [the] resolution of a substantial question of federal law." Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 27 (1983).

Having reviewed the complaint, Thomas has failed to allege claims or facts giving rise to federal question jurisdiction. Paragraph one states "[t]his action is brought to redress Rights secured to Plaintiff by the United States Constitution." (Docket No. 1.) A generalized reference to the Constitution or a federal law does not by itself create a federal question. McCartney v. West Virginia, 156 F.2d 739, 741 (4th Cir. 1946) ("Mere references to the federal Constitution, laws, or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction."). Nor do Thomas's various claims of "Larceny After Trust and/or Fraud," "discrimination," "home invasions and physical threats," conversion of money, and theft of documents "arise under the Constitution or laws of the United States." 28 U.S.C. § 1331. There is simply no way to tell which of his federal rights, if any, Thomas claims have been violated.

### III. Conclusion

---

[2] In the civil cover sheet accompanying the complaint, Thomas lists his basis for jurisdiction as diversity. (Docket No. 1-1.)

4

For these reasons, the court finds that the complaint fails to satisfy the requirements for federal subject matter jurisdiction under both 28 U.S.C. § 1331 and 1332. As the court lacks subject matter jurisdiction, the defendants' motion to dismiss will be granted, and the court finds it unnecessary to consider the defendants' motion for failure to state a claim under Rule 12(b)(6). An appropriate order shall issue. The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the parties.

**ENTER**: This 11th day of September, 2012.

*/s/ Glen Conrad*
Chief United States District Judge

5